UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BILLING ASSOCIATES NORTHWEST,
LLC, a Washington limited liability company,

             Plaintiff,

      v.

ADDISON DATA SERVICES, LLC., a
Texas limited liability company; LESLIE W.
KREIS, Jr., a Texas resident; MENEDOZA
LINE CAPITAL, LLC, a limited liability
company; DAVID DURHAM,
KORENVAES HORIZON PARTNERS, L.P,
a limited partnership; CHRISTOPHER
HARPER, a Texas resident; CORBETT
CAPITAL LLC, a limited liability company;
PAT CRAINE, a Texas resident; JOE
CRAINE, a Texas resident; and JOHN/JANE
DOES, fictitious names for persons receiving
constructive trust property,

             Defendants.

CASE NO. C20-1854RSM

ORDER GRANTING ADDISON
DATA SERVICES' AND LLC
MEMBERS' MOTIONS TO
DISMISS WITH LEAVE TO
AMEND

## I.     INTRODUCTION

This matter comes before the Court on Defendant Addison Data Services' ("ADS")

Motion to Dismiss, Dkt. #35, and Defendants LLC Members ("Remaining Defendants")'s

Motion, Dkt. #30, brought under Rule 12(b)(6). Plaintiff Billing Associates Northwest ("Billing

Associates") has filed briefs responding to the Motions. Dkt. #38; Dkt. #31. The Court has

reviewed and finds that oral argument is not necessary. For the reasons stated below, the Court GRANTS Defendants' Motions and dismisses Plaintiff's claims with leave to amend.

## II.     BACKGROUND[1]

Plaintiff Billing Associates is a Washington limited liability company that provides contract procurement and sales representative type services. *See* Dkt. #1 at 2-3. ADS DEL is a Delaware limited liability company that subsequently assigned its rights and duties to ADS, a Texas limited liability company. *Id.* at 2-4. ADS provides submetering and billing services to landlords. *Id.* at 3. On January 3, 2011, ADS and Billing Associates signed an agreement ("Agreement") for Billing Associates to sell ADS's services to Washington landlords. *Id.* The Agreement provides that Texas law applies to all legal issues. *See* Dkt. #36-1. ADS provided services to landlords by allocating property-wide utility bills between each tenant, billing each tenant for their share, and collecting payments on behalf of the landlords. *See* Dkt. #29 at 4. Pursuant to the Agreement, ADS was to deposit the payments received into a Trust Account, and transfer its apportioned fees to its Operating Account. *Id*. ADS was owned and managed by the other Defendants in the case ("Remaining Defendants"). *See* Dkt. #1 at 6. On June 20, 2014, Billing Associates terminated the Agreement due to alleged ADS breaches. *Id.* at 4. ADS filed for Chapter 7 Bankruptcy on July 18, 2014. *Id.* at 5. Subsequently, an automatic stay was ordered, and a Chapter 7 Trustee ("Trustee") was appointed. *Id.* at 6. Billing Associates filed a claim in the bankruptcy proceeding. A Settlement Agreement was reached in May 2015, in which Billing Associates' unsecured claims in the bankruptcy case were liquidated and parties agreed to a mutual release of all claims ("Release"). *See* Dkt. #36-4. During the bankruptcy proceedings, Billing Associates suspected that ADS may have transferred funds from the Trust Account to its

---

[1] Except as otherwise noted, the following background facts are taken from Plaintiff's Complaint, Dkt. #1, and accepted as true for purposes of ruling on this Motion to Dismiss.

Operating Account and Remaining Defendants. *See* Dkt. #1 at 6. Billing Associates asserts that it could not investigate this further due to the automatic stay, which was in place until December 27, 2016. *Id.* After the stay was lifted, Plaintiff received further information revealing that ADS transferred funds for its own benefits and the Remaining Defendants, instead of reimbursing the landlords and Billing Associates. *See* Dkt. #29 at 9.

The bankruptcy case was reopened in mid-2020 at Billing Associates' request, asserting that its claims against Remaining Defendants were not listed in the initial petition. *Id*. On May 12, 2021, the Bankruptcy Court approved the sale of all of ADS's claims previously not administered and subsequently a final report was filed on November 17, 2021. *See* Dkt. #36-5. The Bankruptcy Court closed the case for a second time on August 10, 2022. *See* Dkt. #36-7. Plaintiff now sues ADS and Remaining Defendants, claiming they breached a fiduciary duty owed to Billing Associates and that the Remining Defendants aided and abetted in ADS's breach. *See* Dkt. #29.

### III.   DISCUSSION

#### A. Legal Standard under Rule 12(b)(6)

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed

allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

**B. Settlement Agreement ("Release")**

ADS argues that Billing Associates fully released its claims by signing a settlement agreement and Release that were subsequently approved by the Bankruptcy Court. *See* Dkt. #35 at 8-9. The Release provides that TBA Groups, on behalf of Billing Associates, shall have "allowed, unsecured claims" in an amount specified, and that "TBA Groups, and the Trustee [for ADS] each release the others from any and all liabilities, [and] claims … arising on or before the Effective Date." *See* Dkt. #36-2 at 3. This Release was subject to the Bankruptcy Court's approval, which followed in 2015. *See* Dkt. #36-4 at 2.

First, Billing Associates argues that the Release is an affirmative defense that is improper at this stage. *See* Dkt. #38 at 5. Second, Billing Associates asserts that ADS was not a named party to the settlement agreement and Release, reasoning that a Trustee who administers a Chapter 7 Bankruptcy estate is not the debtor business entity. *Id.* at 6. Third, Billing Associates states that the Release was not signed by the Trustee. *Id.* Finally, Billing Associates claims that a footnote in the Release exempts the claims pursued herein. *Id.*

The Court is not persuaded by Billing Associates' arguments. Dismissal under Rule 12(b)(6) is appropriate when the "asserted claims are barred by a release or other provision in a prior settlement agreement between the litigants. *In re Shoot the Moon, LLC*, 635 B.R. 568, 574

(Bankr. Mont. 2022) (citing *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1008 (9th Cir. 2012)). Billing Associates' second and third arguments are factual allegations couched as legal conclusion without citing any authority and are thus not persuasive. In reviewing the Release, the Trustee had the right to settle the claims against ADS, and upon the Bankruptcy Court's approval, the Release was "final and unappealable." *See* Dkt. #36-2 at 3. Billing Associates' final argument related to the carve out in the footnote is also not sufficiently pled and argued. The footnote provides that the Release has no impact on "post-petition access to the estate's database," exempting "any related claims against the bankruptcy estate." *Id.* Under both Texas and Washington law, unambiguous agreements such as this Release are interpreted as "expressed in writing" as a matter of law. *See Kachina Pipeline Co. v. Lillis*, 471 S.W.3d 445, 449 (Tex. 2015); *see also Allstate Ins. Co. v. Huston*, 123 Wn. App. 530, 541-42, 94 P.3d 358, 364 (2004). Again, Billing Associates provides no factual assertions or legal authority to explain why its claims related to ADS's pre-petition actions—"that ADS transferred the Utility Consumption Charges from the Trust Account without the Landlords' direction"—fall under this post-petition carveout. *See* Dkt. #29 at 10. For these reasons, Billing Associates has failed to state a claim of breach of fiduciary duty against Defendant ADS and dismissal under Rule 12(b)(6) is proper.

**C. Statute of Limitations**

ADS next moves to dismiss based on the statute of limitations. It notes that Billing Associates learned of the facts alleged herein during ADS's bankruptcy and failed to assert these claims in multiple venues, now filing this case four years after the initial *dismissal* of ADS's bankruptcy. *See* Dkt. #35 at 6. Billing Associates does not dispute that the statute of limitations for a breach of fiduciary duties is four years, or that it first learned of the breach during ADS's bankruptcy. *See* Dkt. #38 at 4. It does argue, however, that the statute of limitations is equitably

tolled because the bankruptcy automatic stay prevented it from commencing action against ADS. *Id.* (citing *Hughes v. Mahoney & Higgins*, 821 S.W. 2d 154, 157 (Tex. 1991)).

"[E]quitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). Equitable tolling typically applies where a claimant missed a filing deadline because of his adversary's fraud or trickery. *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010). Plaintiff has not pled any extraordinary circumstance that prevented it from bringing this action earlier, nor has it pled that ADS committed fraud or otherwise contributed to the delay. The Court agrees with ADS that Billing Associates had opportunities to pursue this claim during ADS's bankruptcy. As summarized by ADS, Billing Associates could have equitably tolled the statute of limitations by:

> (1) filing an adversary proceeding against ADS in the bankruptcy under 28 U.S.C. § 157 and Federal Rule of Bankruptcy Procedure 7003, (2) filing a motion to lift the automatic stay under 11 U.S.C. § 362(d) and attempt to pursue its claim in this Court immediately; or (3) otherwise attempting to resolve the claim within the bankruptcy proceeding in a settlement agreement."

*See* Dkt. #35 at 19. While this issue would typically not be resolved at this early stage of litigation, Billing Associates' failure to take any of the aforementioned actions paints it into a corner. There is simply no basis for the Court to equitably toll the statute of limitations on these facts. Dismissal is warranted on this independent ground.

### D. One-Satisfaction Rule

ADS argues that under Texas's one-satisfaction rule, "[t]here can be but one recovery for one injury, and the fact that ... there may be more than one theory of liability[ ] does not modify this rule. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 303 (Tex. 2006) (quoting *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 8 (Tex. 1991)). Thus, ADS asserts, Billing Associates

recovered its damages once already through the parties' Release and thus cannot attempt to recover again through a breach of fiduciary duties as claimed herein. *See* Dkt. #35 at 19-20. Billing Associates argues that it is only attempting to recover the remaining amounts of its injury, however, it fails to plead sufficient facts to allege how its current claim is related to an injury distinct from what was resolved during the bankruptcy proceedings. Thus, this serves as a third basis to dismiss Billing Associates' claim against ADS.

### E. Billing Associates' Claims against Remaining Defendants

Billing Associates' claims against Remaining Defendants are similarly barred by the statute of limitations. Even if there was a basis for equitable tolling in this case, which as described in Part C there is not, protections of an automatic stay *do not* extend to officers of a company. *See* Dkt. #32 at 2 (citing *Boucher v. Shaw*, 572 F.3d 1087, 1093 (9th Cir. 2009)). Thus, Billing Associates' arguments for having failed to file claims against *Remaining Defendants* for *over* four years after discovery are even more futile.

Furthermore, as argued by Remaining Defendants, Billing Associates has not pled sufficient facts to show there was a duty owed to Plaintiff. *See* Dkt. #30 at 4-5 (citing *Smith v. Chapman*, 897 S.W.2d 399, 401 (Tex.App.-Eastland 1995), which held that director's liability is to the corporation not the corporation's creditors. Thus, even if the claims were not time barred, the Trustee—*not* Billing Associates—would have had standing to bring such claims against the members of the limited liability company. *In Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1153 (5th Cir. 1987). The Trustee, however, chose not to pursue such claims to conclusion during the bankruptcy proceedings or any time before the lapse of the statute of limitations. *See* Dkt. #32 at 3. Thus, Billing Associates' claims against Remaining Defendants are also properly dismissed for failure to state a claim.

The Court does not address the remaining issues in the Motions as the arguments above are clearly dispositive.

**F.  Leave to Amend**

A "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2). Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962). In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In addition, the court must be mindful of the fact that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

The Court finds that the above deficiencies with the Complaint can possibly be cured by amendment. There has been no evidence of undue delay or bad faith. Defendants have failed to show that any amendment would be futile. Prejudice to Defendants if amendment is permitted will be minimal. Weighing all of the above factors, leave to amend will be granted.

**IV.    CONCLUSION**

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that ADS's Motion to Dismiss Billing Associates' Complaint under Rule 12(b)(6), Dkt. #35, and Remaining Defendants' Motion to Dismiss, Dkt. #30, are GRANTED. Plaintiff's claims against all Defendants are DISMISSED with leave to amend. Plaintiff shall

1   have thirty (30) days to file an amended complaint. If Plaintiff fails to do so, this case will be

2   closed.

3          DATED this 16th day of November 2022.

4

5

6          RICARDO S. MARTINEZ
           UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND - 9