UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BILLING ASSOCIATES NORTHWEST, LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ADDISON DATA SERVICES, LLC., a Texas limited liability company; LESLIE W. KREIS, Jr., a Texas resident; MENEDOZA LINE CAPITAL, LLC, a limited liability company; DAVID DURHAM, KORENVAES HORIZON PARTNERS, L.P, a limited partnership; CHRISTOPHER HARPER, a Texas resident; CORBETT CAPITAL LLC, a limited liability company; PAT CRAINE, a Texas resident; JOE CRAINE, a Texas resident; and JOHN/JANE DOES, fictitious names for persons receiving constructive trust property,<br><br>Defendants. | CASE NO. C20-1854RSM<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME |

This matter comes before the Court on Plaintiff's "Motion to Extend Time to Respond to Defendants' Motion to Dismiss and to Accept Late Filed Response," Dkt. #56. This is Plaintiff's second motion seeking to extend time to accept a late filing in this case. *See* Dkt. #23. The Court has reviewed the Motion and finds that it can rule without the need of responsive briefing.

ORDER DENYING MOTION FOR EXTENSION OF TIME - 1

For good cause, the Court may extend the time for an opposition brief "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993).

The latest Motions to Dismiss in this case were noted for February 3, 2023. Dkts. #47 and #49. Under Local Rule 7(d)(3), Plaintiff's opposition was due January 30, "the Monday before the noting date." Tuesday morning, Defendants filed "Notices of No Opposition" stating, "Plaintiff has not filed an opposition, otherwise responded, or contacted [defense] counsel." Dkts. #51 and #52. Ten hours after these Notices were filed, Plaintiff filed an opposition brief that failed to mention the Notices or otherwise address the lateness issue. Dkt. #53. The Court struck the untimely opposition via Minute Order. Dkt. #54. That Minute Order noted:

> Plaintiff belatedly attacks the Stipulated Motion at Dkt. #45, criticizing Defendants for titling the stipulation "Stipulated Motion Extending Deadline to Answer Second Amended Complaint" while the body of the stipulation grants Defendants additional time to "respond" to the Second Amended Complaint, which they ultimately did by filing timely Motions to Dismiss. *See id*. Plaintiff's counsel "attribut[es] fault to his office for relying only on the title..." *Id.* at 3. Plaintiff's point is lost on the Court. Rather, Plaintiff should have offered some explanation for the late opposition, which prejudices Defendants' ability to file a Reply brief. Given the above and the procedural history of this case, and in order to promote the just, efficient, speedy, and economical determination of this case, *see* LCR 1(a), the Court will STRIKE Plaintiff's untimely opposition. Defendants need not file Reply briefs. The Court will consider the pending Motions to Dismiss on the existing briefing.

*Id*.

ORDER DENYING MOTION FOR EXTENSION OF TIME - 2

The instant Motion was filed a day *after* the above Minute Order. Plaintiff spends several pages detailing the procedural history of this case and past "professional courtesy" between counsel seeking to extend deadlines. *See* Dkt. #56 at 3. Plaintiff's counsel foreshadows the point, mentioned in the Minute Order above, that he agreed to a stipulated extension of time back in 2021 because he was expecting an *Answer* from Defendants to the Second Amended Complaint rather than a *response*, *i.e.* a motion to dismiss. *Id.* Instead, Defendants filed motions to dismiss, which were granted with leave to amend based on the merit of the arguments contained therein. Two pages later, Plaintiff's counsel mentions the point directly addressed in the Minute Order. This time, Plaintiff's counsel explicitly states that he only agreed to this stipulation "through his legal intern." *Id*. at 5.

None of this has anything to do with demonstrating excusable neglect for the late filing. Previous courtesy between counsel has no bearing on the Court's ruling and strikes the Court as an unnecessary attack on opposing counsel. Ultimately it was Plaintiff's counsel's responsibility to review every document filed with this Court with his signature on it, including stipulations. Counsel's attempt to blame his legal intern is irrelevant and inappropriate.

The instant Motion next turns to the issue of why Plaintiff failed to file a timely opposition:

> On January 12, 2023, ADS filed a Motion to Dismiss Plaintiff's Second Amended Complaint for ADS. Dkt. No. 47. Later Certain Defendants, through Mr. Rosencrnatz [sic] and not Scott Henrie filed a Motion to Dismiss for Certain Defendants. Dkt. No. 49. Because the Motion to Dismiss was signed and filed by Mr. Rosencramz [sic] and not Mr. Henrie no Response date was docketed to respond Certain Defendants;; [sic] Motion to Dismiss.
>
> After hours on January 30, 2023, when Plaintiff's counsel was completing the response for ADS' Motion to Dismiss, Plaintiff's counsel discovered the docketing error and tried as hard as he could to still file a timely consolidated response, but his efforts failed. As he raced toward midnight, he feverishly was engulfed in finishing a consolidated response to both ADS' and Certain Defendants'

> Motions to Dismiss. Being engulfed in finishing the existing project competently, he missed the midnight deadline.
>
> The project loomed larger than expected and what was believed to be possible turned out to be incredibly impossible. Counsel spent the remainder of that night and the entire next day, without sleep, completing a competent response on the merits. From waking up at 6:00 a.m. Monday morning through Tuesday 7:00 p.m. the following evening (excluding 1 meal break and 4-bathroom breaks) Plaintiff's counsel worked on nothing other than Plaintiff's Consolidated Response. This involved rescheduling two previously scheduled appointments.
>
> The monologue in the Consolidated Response over the Stipulated Motion to answer or respond to the Second Amended Complaint was not meant to be grounds for accepting a late-filed Response. Additionally, Plaintiff's counsel was so mono-focused on competing [sic] the Consolidated Response that he was completely unaware that opposing counsel had filed Notices of No Opposition. Dkt. No, 51 and No. 52. That is why they were not mentioned in the Consolidated Response.

*Id.* at 5–6. Later, Plaintiff states that "Plaintiff's attorney's calendaring and docketing person and our system identifies filing parties by the attorneys who file a motion." *Id*. at 10–11.[1]

Good cause is absent on these facts, for at least three reasons. First, no good explanation is given for why the response deadline was not calendared in Plaintiff's counsel's system. The Court can hardly be expected to lay the blame for this internal scheduling issue at the feet of defense counsel. Whether a motion to dismiss was filed by Mr. Henrie or an attorney out of the blue, the Court (and the client) would expect Plaintiff's counsel to respond. Failure to respond to a motion to dismiss can have dire consequences. Second, the story of feverishly working through the night does not explain why a motion for extension of time was not filed prior to the deadline, as suggested by Local Rule 7(j), and, frankly, appears embellished. Plaintiff's counsel later explains that he did not file a motion for extension of time because he could not meet and confer

---

[1] The Court notes that many of these facts are repeated in the 15-page declaration of Plaintiff's counsel, Dennis McGlothin. *See* Dkt. #57. For the sake of brevity, the Court will not cite to that declaration.

ORDER DENYING MOTION FOR EXTENSION OF TIME - 4

with counsel, or get them to agree. This does not help demonstrate good cause. Finally, none of this adequately explains or excuses counsel's failure to address any of this in the opposition brief itself, leaving the Court with the distinct impression that counsel thought he could get away with the late filing if he simply did not mention it.

In addition to finding no good reason for the delay, a lack of good faith, and otherwise inexcusable neglect, the Court finds that Defendants were prejudiced by the late filing. The reply deadline for motions is one of the shortest deadlines in federal court, requiring the moving party to read a lengthy opposition brief and reply within four days. Plaintiff's counsel acknowledges that Defendants were prejudiced by the delay but, amazingly, argues that "Defendants, themselves, caused substantially more delay" earlier in this case by waiting to appear while they were in bankruptcy court or by asking for *and receiving* extensions of time via stipulation. Plaintiff's counsel's attempts to blame others are meritless and reflect poorly on him.

Given all of the above, this Motion is properly denied under Rule 6(b)(1)(B). *See Bateman*, *supra*. Briefing is closed. The Court will now carefully review Defendants' Motions on their merits.

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's "Motion to Extend Time to Respond to Defendants' Motion to Dismiss and to Accept Late Filed Response," Dkt. #56, is DENIED.

DATED this 2nd day of February, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE