UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BILLING ASSOCIATES NORTHWEST, LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ADDISON DATA SERVICES, LLC., a Texas limited liability company; LESLIE W. KREIS, Jr., a Texas resident; MENEDOZA LINE CAPITAL, LLC, a limited liability company; DAVID DURHAM, KORENVAES HORIZON PARTNERS, L.P, a limited partnership; CHRISTOPHER HARPER, a Texas resident; CORBETT CAPITAL LLC, a limited liability company; PAT CRAINE, a Texas resident; JOE CRAINE, a Texas resident; and JOHN/JANE DOES, fictitious names for persons receiving constructive trust property,<br><br>Defendants. | CASE NO. C20-1854RSM<br><br>ORDER GRANTING MOTIONS TO DISMISS |

## I.   INTRODUCTION

This matter comes before the Court on Defendant Addison Data Services' ("ADS") Motion to Dismiss the Second Amended Complaint, Dkt. #47, and Defendants LLC Members ("Remaining Defendants")'s similar Motion, Dkt. #49, brought under Rule 12(b)(6). Plaintiff Billing Associates Northwest ("Billing Associates") has failed to file a timely opposition to these

ORDER GRANTING MOTIONS TO DISMISS - 1

Motions. *See* Dkts. #54 (Minute Order) and #58 ("Order Denying Plaintiff's Motion for Extension of Time"). The Court has reviewed the materials and finds that oral argument is not necessary. For the reasons stated below, the Court GRANTS Defendants' Motions and dismisses Plaintiff's claims without leave to amend.

## II.     BACKGROUND[1]

Plaintiff Billing Associates is a Washington limited liability company that provides contract procurement and sales representative services. *See* Dkt. #43 at 4. "ADS DEL" is a Delaware limited liability company that subsequently assigned its rights and duties to ADS, a Texas limited liability company. *Id.* at 6–7. ADS provides submetering and billing services to landlords. *Id.* at 2. On January 3, 2011, ADS and Billing Associates signed an agreement ("Agreement") for Billing Associates to sell ADS's services to Washington landlords. *Id.* at 6; Dkt. #36-1. The Agreement states that Texas law applies to all legal issues. Dkt. #36-1 at ¶ 9. ADS provided services to landlords by allocating property-wide utility bills between each tenant, billing each tenant for their share, and collecting payments on behalf of the landlords. *See* Dkt. #43 at 6. Pursuant to the Agreement, ADS was to deposit the payments received into a Trust Account, and transfer its apportioned fees to its Operating Account. ADS was owned and managed by the other Defendants in the case ("Remaining Defendants"). *See id.* at 8.

On June 20, 2014, Billing Associates terminated the Agreement due to alleged ADS breaches. *Id.* at 7. ADS filed for Chapter 7 Bankruptcy on July 18, 2014. *Id.* at 10–11. Subsequently, an automatic stay was ordered, and a Chapter 7 trustee ("Trustee") was appointed. Billing Associates filed a claim in the bankruptcy proceeding. A Settlement Agreement was

---

[1] Except as otherwise noted, the following background facts are taken from Plaintiff's Second Amended Complaint, Dkt. #43, and accepted as true for purposes of ruling on this Motion to Dismiss. All other facts come from documents incorporated by reference into the Second Amended Complaint or from Bankruptcy Court documents for which the Court may take judicial notice.

reached in May 2015, in which Billing Associates' unsecured claims in the bankruptcy case were liquidated and parties agreed to a mutual release of all claims ("Release"). *See* Dkt. #36-4. During the bankruptcy proceedings, Billing Associates suspected that ADS may have transferred funds from the Trust Account to its Operating Account and Remaining Defendants. *See* Dkt. #1 at 6; Dkt. #43 at 16. Billing Associates asserts that it could not investigate this further due to the automatic stay, which was in place until December 27, 2016. #43 at 16. After the stay was lifted, Plaintiff received further information revealing that ADS transferred funds for its own (and the Remaining Defendants' benefit) instead of reimbursing the landlords and Billing Associates. *Id.*

The bankruptcy case was reopened in mid-2020 at Billing Associates' request, asserting that its claims against Remaining Defendants were not listed in the initial petition. *Id*. at 17. On May 12, 2021, the Bankruptcy Court approved the sale of all of ADS's claims previously not administered to Billing Associates and subsequently a final report was filed on November 17, 2021. *See* Dkt. #36-5. The Bankruptcy Court closed the case for a second time on August 10, 2022. *See* Dkt. #36-7.

This case was originally filed on November 28, 2020. Dkt. #1. On July 2, 2021, the Court dismissed all claims with leave to amend. Dkt. #28. On November 16, 2022, the Court again dismissed all claims with leave to amend. Dkt. #42. In that Order, the Court found it highly likely that Billing Associates released its claims by signing a Settlement Agreement and Release that were subsequently approved by the Bankruptcy Court. *Id*. at 4–5 (citing *In re Shoot the Moon, LLC*, 635 B.R. 568, 574 (Bankr. Mont. 2022); *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1008 (9th Cir. 2012)). The Court found that the applicable statute of limitations barred Billing Associates' claims and that its failure to take available actions to equitable toll the deadline also supported dismissal. *Id*. at 6. The Court found Texas's "one-satisfaction" rule as a third independent basis to dismiss Billing Associates' claims against ADS. *Id*. at 6–7 (citing *Tony

*Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 303 (Tex. 2006)). Finally, the Court found that the claims against the Remaining Defendants were similarly barred by the statute of limitations and for failure to show a duty owed by the Remaining Defendants to Billing Associates rather than to the bankruptcy Trustee. *Id*. at 7. Leave to amend was granted a second time.

Plaintiff's Second Amended Complaint includes the same claims that ADS breached a fiduciary duty owed to Billing Associates and that the Remaining Defendants aided and abetted in ADS's breach. *See* Dkt. #43. Additional facts have been added about the Trustee's failure to pursue claims against the Remaining Defendants and about bankruptcy counsel's conflicts of interest. *See, e.g., id*. at 13. Certain other additional facts were added to respond to the statute of limitations issue, addressed below.

### III.   DISCUSSION

#### A. Legal Standard under Rule 12(b)(6)

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

B. Settlement Agreement ("Release")

The Court previously dismissed Billing Associates' claims against ADS due to the above-mentioned Settlement Agreement and Release approved by the Bankruptcy Court. Dkt. #42 at 4–5. The Second Amended Complaint fails to add sufficient new alleged facts to alter this finding.

ADS now repeats that Billing Associates fully released its claims by signing the Settlement Agreement and Release. *See* Dkt. #47 at 16–20. The Release provides that TBA Groups, on behalf of Billing Associates, shall have "allowed, unsecured claims" in an amount specified, and that "TBA Groups, and the Trustee [for ADS] each release the others from any and all liabilities, [and] claims … arising on or before the Effective Date." *See* Dkt. #36-2 at 3. This Release was subject to the Bankruptcy Court's approval, which followed in 2015. *See* Dkt. #36-4 at 2. ADS calls this an unambiguous agreement, and the Court agrees. The allegation in the Second Amended Complaint that "[d]uring the discussions among the Trustee, Billing Associates, and the common attorney, both the Trustee and the common attorney understood and represented that Billing Associates was not releasing ADS or the non-ADS Defendants," is not plausible given the fact that Billing Associates received a liquidated claim in ADS's bankruptcy and the previous pleading history of this litigation, and in any event such is contrary to the final language of the Release.

Dismissal under Rule 12(b)(6) is appropriate when the "asserted claims are barred by a release or other provision in a prior settlement agreement between the litigants." *In re Shoot the Moon, supra*. The Court continues to find that dismissal of ADS is appropriate based on the Release for the reasons stated in its prior Order.

C. Statute of Limitations

ORDER GRANTING MOTIONS TO DISMISS - 5

Billing Associates originally pled that it learned of facts necessary to bring its claims against ADS during ADS's bankruptcy ("[w]hile the Trustee was pursuing claims against some of the ADS Managers," Dkt. #29 at ¶ 34); Plaintiff nevertheless filed this case four years after the dismissal of ADS's bankruptcy and argued for equitable tolling.  The Court found insufficient pled facts, accepted as true, to warrant equitable tolling.  Now, in the Second Amended Complaint, Plaintiff states "[a]fter the ADS BK was initially closed in December 2016, Billing Associates received further information for the first time" that supports the claim against ADS. Dkt. #43 at ¶ 86.

ADS argues Billing Associates should not be permitted to plead facts directly inconsistent with prior pleading under the doctrine of judicial estoppel.  Dkt. #47 at 23 (citing, *inter alia*, *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990); *Hamilton v. State Farm Fire and Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001)).  ADS maintains that Billing Associates should have known all the facts necessary to file this claim prior to the close of bankruptcy under any set of facts, and that the Second Amended Complaint fails to set forth a sufficient basis to explain the obvious inconsistency between the Amended Complaint and the Second Amended Complaint.  ADS accuses Billing Associates of playing fast and loose with the Court.  *Id*. at 24.  As noted previously, Billing Associates has not filed a timely Opposition.

The Court agrees with ADS that the Second Amended Complaint is directly inconsistent on this point.  After years of litigation, it should have been clear to Billing Associates when it became aware of sufficient facts to bring this claim.  Furthermore, the statute of limitations begins to run when a plaintiff learns of the necessary facts to file a lawsuit; it is not tolled by the discovery of additional facts.  In any event, the Court concludes that the statute of limitations bars Billing Associates' claims against ADS for the reasons stated in ADS's brief.

**D. One-Satisfaction Rule**

ORDER GRANTING MOTIONS TO DISMISS - 6

As stated previously by the Court, under Texas's one-satisfaction rule, "[t]here can be but one recovery for one injury, and the fact that ... there may be more than one theory of liability[ ] does not modify this rule. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 303 (Tex. 2006) (quoting *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 8 (Tex. 1991)). ADS continues to assert that Billing Associates recovered its damages once already through the parties' Release and thus cannot attempt to recover again through a breach of fiduciary duties as claimed herein. *See* Dkt. #47 at 15. The Court agrees that Billing Associates fails to plead sufficient facts to allege how its current claim is related to an injury distinct from what was resolved during the bankruptcy proceedings. Thus, this serves as a third basis to dismiss Billing Associates' claim against ADS.

Given the above three reasons for dismissal, the Court need not address ADS's other arguments. *See id.* at 24–27.

### E. Claims against Remaining Defendants

Billing Associates' claims against the Remaining Defendants are likewise barred by the statute of limitations even after amendment. As the Remaining Defendants argue, all of the claims against them have statutes of limitations that run at four years or less and Billing Associates was aware or should have been aware of claims against these Defendants given the bankruptcy proceedings. Dkt. #49 at 13–14. The Court has previously ruled that equitable tolling is not available and that protections of an automatic stay do not extend to officers of a company. *See* Dkt. #42 at 7 (citing *Boucher v. Shaw*, 572 F.3d 1087, 1093 (9th Cir. 2009)). The court notes that, for whatever reason, the Trustee chose not to pursue these claims to conclusion during the bankruptcy proceedings or any time before the lapse of the statute of limitations. *See* Dkt. #32 at 3. The idea that Billing Associates could purchase these claims after the expiration of the statute of limitations and pursue them now is not adequately supported by law.

The Remaining Defendants' other arguments, including a lack of personal jurisdiction, stand unopposed due to Billing Associates' failure to file a timely opposition brief. "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). A plaintiff cannot simply rest on the bare allegations of its complaint. *Id*.

Given all of the above, and the Court's prior rulings in this case, the Court will dismiss all of Billing Associates' claims against the Remaining Defendants.

### F. Leave to Amend

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). The Court finds that after multiple opportunities to amend, the above deficiencies cannot be cured and that leave to amend shall not be granted.

### IV. CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that ADS's Motion to Dismiss, Dkt. #47, and Remaining Defendants' Motion to Dismiss, Dkt. #49, are GRANTED. Plaintiff's claims against all Defendants are DISMISSED without leave to amend. This case is CLOSED.

DATED this 22nd day of February, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE