UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BILLING ASSOCIATES NORTHWEST, LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ADDISON DATA SERVICES, LLC, et al.,<br><br>Defendants. | CASE NO. C20-1854 RSM<br><br>ORDER DENYING DEFENDANTS' MOTION FOR FEES AND COSTS |

## I. INTRODUCTION

This matter is before the Court on Defendants' Motion for Fees and Costs. Dkt. #61. Following the Court's Order granting Defendants' Motions to Dismiss, Dkt. #59, Defendants now request an award of attorneys' fees in the amount of $45,160.60 and costs in the amount of $17.60. Dkts. #61 at 12, #68 at 5. Plaintiff Billing Associates Northwest, LLC ("Billing Associates") opposes the request on the basis that ADS has not met the prerequisites for recovery under the parties' contract and on the basis that the request is procedurally improper. Dkt. #65. On Reply, ADS argues that it was the "prevailing party" and is therefore entitled to fees and costs. Dkt. #68. Having reviewed the briefing and the remainder of the record, the Court DENIES Defendants' Motion for Fees and Costs (Dkt. #61) for the reasons stated below.

ORDER – 1

## II. BACKGROUND

The allegations in this case have been summarized by the Court previously and are well known to the parties. *See* Dkts. #28, #42, #59. ADS and Billing Associates were parties to an Independent Contractor Agreement (the "Agreement") dated January 3, 2011, pursuant to which Billing Associates agreed to sell ADS's services to landlords in Washington. *See* Dkt. #36-1. The Agreement states that Texas law applies to all legal issues and relations among the parties. Dkt. #36-1 ¶ 9. On June 20, 2014, Billing Associates terminated the Agreement due to alleged breaches by ADS. Dkt. #43 ¶ 24.

On February 22, 2023, the Court granted Defendants' Motions to Dismiss (Dkts. #47, #49), dismissing all of Billing Associates' claims against the Defendants. Dkt. #59. On March 8, 2023, Defendants filed the instant Motion for fees and costs associated with obtaining the dismissal of these claims. Dkt. #61.

## III. DISCUSSION

### A. Legal Standard

"Numerous federal statutes allow courts to award attorney's fees and costs to the 'prevailing party.'" *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 600 (2001). In so doing, "Congress employed the term 'prevailing party,' [as] a legal term of art." *Id.* at 603 (citing BLACK'S LEGAL DICTIONARY 1145 (7th ed. 1999)). Accordingly, courts attempt to interpret the term consistently across statutes. *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983) ("The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'"); *Buckhannon*, 532 U.S. at 603 n.4 (2001) (noting that "[w]e have interpreted these fee-shifting provisions consistently" and citing *Hensley*).

B. Analysis

**1. Attorneys' Fees Are Not Available**

The threshold issue is whether the Agreement's Attorney Fee Provision applies. The Agreement states:

> 16. Should either party breach or default under any provision of this Agreement, and should the nonbreaching party employ an attorney to enforce any provision hereof or to collect damages for such breach or default, then the breaching party and it[s] surety, if any, agree to pay the non-breaching party such reasonable attorneys' fees and litigation expenses as the non-breaching party may incur with respect thereto.

Dkt. #36-1 ¶ 16.

Under Texas law, which follows the American Rule, attorney's fees are not available unless specifically provided for by statute or contract. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 487 (Tex. 2019); *see also Hawbecker v. Hall*, 276 F. Supp. 3d 681, 688 (W.D. Tex. 2017). For tort claims such as a breach of fiduciary duty, attorney's fees are not recoverable. *See, e.g., MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 667 (Tex. 2009). However, Texas law authorizes recovery for a claim under an oral or written contract. Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West 2021).

Attorneys' fees are not available to ADS in this case because it never asserted a breach of the Agreement. The Attorney Fee Provision explicitly allows a non-breaching party to collect fees from a breaching party. However, the reverse is not true. The language of the provision does not allow an allegedly breaching party to collect fees it spent successfully defending itself from a nonbreaching party. The Court cannot re-write the language of the Agreement to match the expectations of the parties in litigations years later, or the type of language that the Court would have expected would be included. ADS fails to offer any reason to deviate from the plain

ORDER – 3

language of the Agreement or to otherwise meet its burden under Texas law to show that fees are available.

## IV.     CONCLUSION

Having reviewed Defendants' Motion, the briefing, the supporting declarations and exhibits, and the remainder of the record, the Court ORDERS that Defendants' Motion for Fees and Costs (Dkt. #61) is DENIED.

Dated this 7th day of April, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER – 4