1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BILLING ASSOCIATES NORTHWEST,
LLC, a Washington limited liability company,

Plaintiff,

v.

ADDISON DATA SERVICES, LLC., a
Texas limited liability company; LESLIE W.
KREIS, Jr., a Texas resident; MENEDOZA
LINE CAPITAL, LLC, a limited liability
company; DAVID DURHAM,
KORENVAES HORIZON PARTNERS, L.P,
a limited partnership; CHRISTOPHER
HARPER, a Texas resident; CORBETT
CAPITAL LLC, a limited liability company;
PAT CRAINE, a Texas resident; JOE
CRAINE, a Texas resident; and JOHN/JANE
DOES, fictitious names for persons receiving
constructive trust property,

Defendants.

CASE NO. C20-1854RSM

ORDER DENYING MOTION FOR
SANCTIONS

This matter comes before the Court on Defendants' Motion for Sanctions under Rule 11

and the Court's inherent authority.  Dkt. #70.  Defendants seek over $100,000 to cover their

attorneys' fees in this litigation.  Plaintiff Billing Associates Northwest ("Billing Associates")

opposes.  Dkt. #77.  Neither party has requested oral argument.

Rule 11 of the Federal Rules of Civil Procedure states, in pertinent part: "[b]y presenting

to the court a pleading, written motion, or other paper—whether by signing, filing, submitting,

or later advocating it—an attorney… certifies to the best of the person's knowledge information,

and belief, formed after an inquiry reasonable under the circumstances: 1) it is not being

ORDER DENYING MOTION FOR SANCTIONS - 1

presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; 2) the… legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] 3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery…" Fed. R. Civ. P. 11(b).  If the Court determines, after notice and a reasonable opportunity to respond, that the above rule has been violated, the Court may impose an appropriate sanction on any attorney or party that violated the rule or is responsible for the violation.  Fed. R. Civ. P. 11(c)(1).  "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs. Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).

Defendants state that Billing Associates:

- Wrongly named ADS when it was the debtor in an active bankruptcy – which Billing Associates itself caused to be reopened – in violation of federal law, and then blamed ADS for delays in waiting until the automatic stay was lifted to participate in this case;

- Failed to inform the Court of the settlement agreement from ADS's bankruptcy proceeding;

- Filed a second amended complaint that violated the doctrine of judicial estoppel;

- Failed to timely oppose both ADS's motion to dismiss the second amended complaint – which it admits it correctly calendared the response date to – as well as the Certain Defendants' contemporaneously filed motion;

- Filed a late, consolidated opposition to ADS and the Certain Defendants' motions to dismiss the second amended complaint but failed to acknowledge it was late in the apparent hope it "could get away with the late filing"; and

1

2

- Filed a motion to extend time to excuse its late filed opposition that the Court commented "appears [to be] embellished".

3   Dkt. #70 at 4–5.

4       The Court does not agree that Billing Associates improperly concealed anything from the

5   Court related to the ADS bankruptcy; rather it would be more accurate to say that it attempted to

6   make a series of incorrect legal arguments about the effect of the bankruptcy.  The Court need

7   not dive further into the specifics for purposes of this Motion or analyze Billing Associates'

8   defenses to the other accusations.  The Court will not get drawn into a substantive discussion of

9   issues that have already been ruled on and which are the subject of a pending appeal to the Ninth

10  Circuit.  In the Court's long experience, even if everything else Defendants say is true, Billing

11  Associates' actions do not indicate an "improper purpose, such as to harass, cause unnecessary

12  delay, or needlessly increase the cost of litigation;" nor has Billing Associates presented legal

13  arguments so unwarranted by existing law as to justify the extraordinary remedy of sanctions

14  under Rule 11 or the Court's inherent authority.  Billing Associates has presented incorrect legal

15  arguments, failed to file a timely opposition, and was perhaps dishonest with the Court about the

16  reasons for a single late filing.  Defendants have failed to convince the Court that this justifies

17  the requested sanctions.

18      Having reviewed the relevant briefing and the remainder of the record, the Court hereby

19  finds and ORDERS that Defendants' Motion for Sanctions, Dkt. #70, is DENIED.

20      DATED this 24th day of April, 2023.

21

22

23      RICARDO S. MARTINEZ
        UNITED STATES DISTRICT JUDGE

24

ORDER DENYING MOTION FOR SANCTIONS - 3