UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BILLING ASSOCIATES NORTHWEST, LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ADDISON DATA SERVICES, LLC., a Texas limited liability company; LESLIE W. KREIS, Jr., a Texas resident; MENEDOZA LINE CAPITAL, LLC, a limited liability company; DAVID DURHAM, KORENVAES HORIZON PARTNERS, L.P, a limited partnership; CHRISTOPHER HARPER, a Texas resident; CORBETT CAPITAL LLC, a limited liability company; PAT CRAINE, a Texas resident; JOE CRAINE, a Texas resident; and JOHN/JANE DOES, fictitious names for persons receiving constructive trust property,<br><br>Defendants. | CASE NO. C20-1854RSM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff Billing Associates Northwest ("Billing Associates")'s Motion for Reconsideration, Dkt. #102. The Court has determined that a response brief is unnecessary. *See* LCR 7(h)(3).

This case has a long history. The Agreement at issue was signed in 2011. *See* Dkt. #43 at 6. Defendant Addison Data Services ("ADS") allegedly breached this Agreement in 2014 and filed for bankruptcy later that year. *Id.* at 7. The bankruptcy proceedings were closed, reopened, then closed again. Plaintiff filed this case on November 28, 2020. Dkt. #1. On July 2, 2021, the

Court dismissed all claims with leave to amend. Dkt. #28. On November 16, 2022, the Court again dismissed all claims with leave to amend. Dkt. #42.

Plaintiff's Second Amended Complaint includes three causes of action. The first is for "breach of fiduciary duty" against ADS, alleging that "ADS was a bailee of identifiable monies that were owned by the Landlords and being held by ADS solely for the Landlords' benefit," and that Defendants owed Billing Associates and the Landlords a fiduciary duty as a result. Dkt. #43 at 18. The last two causes of action are against other Defendants not currently at issue. *See id.* at 19–20. On February 22, 2023, the Court dismissed the Second Amended Complaint without leave to amend. Dkt. #59. Plaintiff appealed and the Ninth Circuit affirmed in part and reversed in part. Dkt. #82. The Ninth Circuit remanded for the Court to consider ADS's remaining arguments for dismissal. The Court did so, dismissing ADS again. Dkt. #101. In this most recent Order, the Court found that Plaintiff failed to plead a breach of fiduciary duty under Texas Law. *Id*. This was because 1) Plaintiff failed to allege sufficient facts to establish a fiduciary duty and 2) Texas law specifically holds that a bailor/bailee relationship does not in and of itself create a fiduciary duty. *Id*. at 4–5. The Court stated, "[t]he Second Amended Complaint contains no allegations other than the parties having a routine, arms-length commercial contract." *Id*. at 6. The Court dismissed without leave to amend.

Plaintiff now seeks reconsideration, arguing that the Court overlooked or misapprehended the issue of agency, resulting in manifest error. Dkt. #102 at 2. Plaintiff spends several pages running through textbook Texas law on agency and fiduciary duty. *See id*. at 3–7. Plaintiff then writes a single paragraph discussing the facts of *this* case:

> Here, Plaintiff Billing Assoc. Northwest has alleged ADS was the Landlords' billing and collection agent charged with billing each Landlord's tenants for their proportionate utility charges that the Landlord had to pay on a property-wide basis. ADS assumed this duty and thus became Landlords' agent, billing each Landlord's

>  tenants and receiving Landlord's identifiable proceeds from its tenants and then depositing those identifiable proceeds into a segregated Trust Account exclusively for Landlord's benefit. ADS, as an agent, therefore owed the Landlords and the Billing Associates a fiduciary duty. *See* Plaintiff's Second Amended Complaint ("SAC") (Docket No. 43), ¶¶ 20-23.

*Id*. at 7. No further analysis is provided.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2).

The Court has reviewed Plaintiff's Motion, its Order, and the Second Amended Complaint and finds no manifest error in its prior ruling. As stated above, the Order identified two reasons why dismissal was appropriate: the Second Amended Complaint contains inadequate facts and, the allegations of a bailment relationship alone could not establish a fiduciary duty under Texas law. This Motion does not engage with the Court's Order at all—it does not, for example, point out specific legal or factual errors. Instead, Plaintiff simply states that it alleged ADS was an agent of the Landlords, citing to paragraphs 20 through 23 of the Second Amended Complaint. Those paragraphs do not contain the words agent or agency. They merely describe the transfer of money from the Landlords to ADS for holding—a bailment—and the providing of "Billing and Collection Services." Dkt. #43 at ¶¶ 20–23. Paragraph 23 describes "ADS DEL" assigning its rights to ADS—a transaction which has nothing to do with the agency relationship between Plaintiff and ADS. *See id*. at ¶ 23. Looking at the remainder of the Second Amended

Complaint, agents are mentioned in various contexts, *see, e.g., id*. at ¶ 52 ("The non-ADS Defendants are all owners, members, managers, officers, or agents of ADS that ADS could have had claims against. . ."), but there is no discussion of an agency relationship between the Landlords and ADS, or between Plaintiff and ADS. Most importantly, even if an agency relationship was explicitly or implicitly alleged in the facts of the Second Amended Complaint, it is not pleaded in the two pages devoted to the Breach of Fiduciary Duty claim, which instead discusses *only* a bailor-bailee relationship. *See id.* at 18–19. Plaintiff cannot change his pleading in a motion for reconsideration. The Court is left with nothing to reconsider.

Accordingly, having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Reconsideration, Dkt. #102, is DENIED. This case remains CLOSED.

DATED this 3rd day of July, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION - 4